UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES DAWSON,

    Plaintiff,

v.                                    Case No. 3:24cv379-MCR-HTC

JENNIFER FRYDRYCHOWICZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Charles Dawson, a prisoner proceeding *pro se* and *in forma pauperis*, files this action for damages under 42 U.S.C. § 1983,[1] alleging Defendant Jennifer Frydrychowicz, a Florida state court judge, violated his constitutional rights when she dismissed his habeas case. Doc. 1 at 12. This case should be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2) because the Defendant is entitled to judicial immunity.

---

[1] Plaintiff also seeks immediate release from custody; however, those claims are not cognizable in a § 1983 action. *See Griffin v. Levenson*, 400 F. App'x 476, 477 (11th Cir. 2010) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

## I. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, the Court must dismiss Plaintiff's complaint if it determines the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

## II. DISCUSSION

According to the complaint, Plaintiff filed a state habeas action alleging that he was being illegally detained and seeking release. Judge Frydrychowicz dismissed the action, "stating that the First Judicial Circuit lacked jurisdiction to rule due to her Circuit did not impose the sentence." Doc. 1 at 5. Judge Frydrychowicz also denied a subsequent motion for rehearing. Plaintiff disagrees with this decision and contends the First Judicial Circuit does have jurisdiction to grant him relief.

Unhappy with her decisions, Plaintiff has filed this suit against Judge Frydrychowicz in her individual and official capacity. Plaintiff's suit against the Judge in her official capacity, however, is barred by the Eleventh Amendment. *See Simmons v. Conger,* 86 F.3d 1080, 1085 (11th Cir. 1996) (holding that damages against a circuit court judge sued in his official capacity are barred by sovereign immunity because the suit is one against the judge's employer, the State); *see also*

*Badillo v. Thorpe*, 158 F. App'x 208, 212-13 (11th Cir. 2005) (holding claims against Florida circuit court judge and county administrator in their official capacity are barred by Eleventh Amendment immunity).

Plaintiff's individual capacity claims are likewise barred by the doctrine of judicial immunity because they arise solely from acts Judge Frydrychowicz took, and rulings she made, in his state court habeas action. *See Simmons*, 86 F.3d at 1085 (holding that defendant judge was dealing with plaintiff in his judicial capacity when he excluded him from the courtroom during a domestic relations case and thus plaintiff's claims against the judge in his individual capacity were barred by judicial immunity). It is well established that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity applies even if a judge's actions are erroneous, malicious, or exceed the judge's jurisdiction. *See id.*; *see also Medrano v. Sunny Isles Beach Police Dep't*, 2007 WL 9703577, at *2 (S.D. Fla. Jan. 16, 2007) ("Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff[.]") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), because the Defendant is immune from liability.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of August, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.